HERNÁNDEZ, RECURRENTE, *v.* EL RÈGISTRADOR DE CAGUAS,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de una escritura de cesión de derechos y usufructo.

No. 346.—Resuelto en diciembre 11, 1917.

BIENES PRIVATIVOS ADQUIRIDOS EN ESTADO DE VIUDEDAD—PRESUNCIÓN DE SER GANANCIALES, CÓMO SE DESTRUYE.—Para proceder a la inscripción en el registro de la propiedad del usufructo de un solar y de una casa que en el mismo radica como bienes privativos del adquirente, estando éste en estado de viudedad, por alegarse que los hubo siendo soltero, es necesario, habiendo dudas de si el terreno fué o no adquirido durante el matrimonio habido, demostrar la fecha del matrimonio, y que la propiedad le pertenecía con anterioridad a esa fecha.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Francisco Socorro, compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Toribio Hernández, quien adquirió de José I. González, apela de la siguiente nota del registrador:

"Denegada la inscripción del precedente documento, en cuanto a la concesión del usufructo del solar y casa que en él radica, porque resultando de esta escritura que el adquirente Joaquín I. González se halla actualmente en estado de viudedad, no se ha acreditado satisfactoriamente con documento auténtico el estado que tenía cuando adquirió dicho usufructo ni cuándo edificó la casa, pues si bien alega que esos derechos los hubo siendo soltero, en cuyo caso deberán inscribirse como bienes privativos, y que con una certificación expedida el primero de este mes por el Secretario y el Alcalde de Gurabo se trata de corroborar esa alegación, ese extremo no puede aceptarse como cierto, ni por la simple afirmación del propio interesado, ni por la afirmación de los mencionados funcionarios, puesto que el artículo 320 del Código Civil determina claramente los documentos necesarios para la prueba del estado civil de una persona; y respecto

a la venta de la casa por no estar la misma inscrita a favor del vendedor ni de ninguna otra persona, etc.''

El recurrente sostiene que si el registrador podía tomar conocimiento del hecho de que González era viudo, podía también aceptar como cierta la manifestación de que el dicho González era soltero al tiempo de adquirir la finca. El registrador, conociendo que había existido un estado de matrimonio, tuvo la duda justificada de si el terreno fué o no adquirido durante el matrimonio de González. Como existe la presunción de que una persona es soltera en tanto no se demuestre lo contrario, y como esa presunción quedó destruída por el matrimonio habido, el recurrente pudo haber restablecido la presunción en favor de González probando la fecha de su matrimonio y que la propiedad pertenecía al referido González con anterioridad a esa fecha.

En lugar de probar el matrimonio con la mejor prueba, las partes presentaron dos certificados expedidos por dos funcionarios de Gurabo, demostrativos de que González adquirió la propiedad en cuestión cuando era soltero. No entraremos en una extensa discusión acerca del modo de probar que una persona era' soltera en determinada fecha, pues convenimos con el registrador que la manera más rápida y satisfactoria de hacerlo era probando el hecho del matrimonio.

La nota debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.